UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL TESSEMA,

        Petitioner,

   v.

PAMELA BONDI, *et al.*,

        Respondents.

Case No. C25-2330-JNW-MLP

REPORT AND RECOMMENDATION

      Petitioner Michael Tessema is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC"). Through counsel, he has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking release from custody. (Dkt. # 1.) Petitioner asserts that the government violated the Due Process Clause of the Fifth Amendment by revoking his release without providing a meaningful pre-deprivation hearing before a neutral adjudicator. (*Id.*) Respondents have filed a return supported by declarations (dkt. ## 6-8), and Petitioner has filed a response to the return (dkt. # 9).

      Having considered the parties' submissions and the governing law, this Court recommends granting Petitioner's federal habeas petition, ordering Petitioner's immediate

REPORT AND RECOMMENDATION - 1

release, and prohibiting Respondents from redetaining him without adequate notice of the reasons for redetention and a meaningful opportunity to respond to those reasons.

### I.    BACKGROUND

Petitioner is a 45-year-old citizen of Eritrea. (Dkt. # 1, ¶ 21.) In January 2015, he entered the United States and was detained. (*Id.*, ¶ 22.) His applications for asylum, withholding of removal, and protection under the Convention Against Torture were denied, and his order of removal became final on May 4, 2015. (*Id.*, ¶ 23; dkt. # 8, Ex. A at 4.) On May 15, 2015, Petitioner was released on an Order of Supervision because the government was unable to remove him. (Dkt. # 1, ¶ 24; dkt. # 8, Ex. A at 4.) Over the subsequent ten years, he built a life in the United States and now has a U.S. citizen wife and daughter. (Dkt. # 1, ¶ 25.) He asserts he has not missed a check-in or violated the conditions of the Order of Supervision. (*Id.*, ¶ 2.)

On October 17, 2025, Petitioner attended an interview for his adjustment of status application, after which ICE arrested him at approximately 9:35 a.m. (Dkt. # 1, ¶ 3; dkt. # 8, Exs. A at 3, D at 2, E at 2.) At 10:30 a.m., Petitioner was served a Notice of Revocation of Release based on a determination of "changed circumstances," which stated that issuance of a travel document was expected. (*Id.*, Ex. D at 2-3.) The Notice further stated Petitioner "will promptly be afforded an informal interview" with an "opportunity to respond to the reasons for the revocation." (*Id.* at 2.) An ICE officer's notes from the oral interview that day indicate Petitioner responded that he had a family, including a child, and was always cooperative with ICE and would continue to be cooperative. (*See id.*, Ex. F at 2.) At 11:22 a.m., a custody determination was made to detain Petitioner. (*Id.*, Ex. G at 2.)

Petitioner filed this habeas petition on November 19, 2025. (Dkt. # 1.)

REPORT AND RECOMMENDATION - 2

## II. DISCUSSION

Federal courts have authority to grant writs of habeas corpus to an individual in custody if that custody violates "the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Petitioner contends his redetention without adequate notice and a meaningful opportunity to respond violates the Due Process Clause of the Fifth Amendment to the United States Constitution (dkt. # 1 at 7-9; dkt. # 9 at 3-4), which prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. Amend. V. Petitioner also contends Respondents violated their own regulations by failing to show a significant likelihood that he will be removed in the reasonably foreseeable future. (Dkt. # 9 at 2-3.)

Respondents contend that due process was satisfied by the informal interview. (Dkt. # 6 at 6-8.) Respondents further argue Petitioner's current detention is lawful under 8 U.S.C. § 1231(a)(6), and is not indefinite under *Zadvydas* because it has not lasted six months. (Dkt. # 6 at 1-3 (citing *Zadvydas v. Davis*, 533 U.S. 678 (2001)).)

The right to due process extends to "all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). To comply with procedural due process, an individual must have "the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).

In *Rodriguez Diaz v. Garland*, the Ninth Circuit assumed without deciding that *Mathews'* three-part test applies in "the immigration detention context." 53 F.4th 1189, 1206-07 (9th Cir. 2022). The parties agree that the *Mathews* test applies here. This Court therefore evaluates Petitioners' due process claims using the *Mathews* three-part test, considering:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335.

### A. Petitioner Has a Considerable Private Interest in His Freedom

Petitioner asserts redetention deprived him of an established liberty interest. (Dkt. # 9 at 4.) Respondents recognize Petitioner's "weighty" liberty interest but argue that he does not have a heightened interest in continued release on the Order of Supervision, and that his liberty interest is less than that of a citizen. (Dkt. # 6 at 6-7.)

This Court finds Petitioner's interest in not being detained is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992); *see also Zadvydas*, 533 U.S. at 696 (a noncitizen has a liberty interest "strong enough" to challenge "indefinite and potentially permanent" immigration detention).

Release of an individual from custody creates an "'implicit promise' that the individual's liberty will be revoked only if they fail to abide by the conditions of their release." *See, e.g.*, *Calderon v. Kaiser*, 2025 WL 2430609, at *2 (N.D. Cal. Aug. 22, 2025) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). Thus, when Petitioner was released in 2015, he acquired a

REPORT AND RECOMMENDATION - 4

protected liberty interest in his continued freedom. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. Mar. 3, 2025) ("The Supreme Court has repeatedly recognized that individuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued liberty.") (citing, *e.g.*, *Morrissey*, 408 U.S. at 482 (finding a parolee had an interest in his continued liberty)). In reasonable reliance on this interest, Petitioner built a life in the United States over the last decade, marrying and having a child. Accordingly, the first *Mathews* factor weighs strongly in Petitioner's favor.

### B. The Risk of Erroneous Deprivation of Liberty is High

Petitioner contends the risk of erroneous deprivation of liberty is high because he was not provided adequate notice or a meaningful opportunity to respond and because Respondents fail to meet their burden to show a substantial likelihood of removal. (Dkt. # 9 at 2-3.) Respondents assert the risk of erroneous deprivation is low because they have complied with all applicable regulations. (Dkt. # 6 at 7-8.)

Where removal is not reasonably foreseeable, a noncitizen may be released under an order of supervision if he "would not pose a danger to the public or a risk of flight[.]" 8 C.F.R. § 241.13(b)(1). Release may then be revoked if the noncitizen fails to comply with conditions or "if, on account of changed circumstances," the government "determines that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2).

Here, Petitioner received a Notice of Revocation that asserted changed circumstances without identifying any specific change or any other support for the conclusion that a travel document was expected to issue. Less than an hour later, the custody determination was made. Notes from his interview indicate no discussion of changed circumstances or likelihood of

removal. Moreover, nearly three months after redetention, Respondents' briefing and accompanying declarations fail to identify any changed circumstances making removal reasonably foreseeable. The government merely asserts they have his birth certificate and "intend" to "attempt" to obtain sufficient documents to then obtain a travel document. (Dkt. # 7, ¶¶ 10-11.) Given this lack of evidence and procedural haste, the risk of erroneous deprivation of liberty is high, and the second *Mathews* factor weighs heavily in Petitioner's favor.

### C. Respondents' Interest in Petitioner's Redetention is Minimal

Respondents assert a general interest in effectuating the 2015 order of removal. (Dkt. # 6 at 8.) However, their briefing identifies no specific governmental interest in redetaining him while they attempt to obtain a travel document, especially when weighed against Petitioner's ten-year period of compliant release. The government has no valid interest in revoking release without complying with its own regulations, which require a showing of changed circumstances. Accordingly, the third *Mathews* factor favors Petitioner.

### III. CONCLUSION

For the foregoing reasons, this Court recommends granting Petitioner's habeas petition (dkt. # 1), ordering Petitioner's immediate release, and prohibiting Respondents from redetaining him without adequate notice of the reasons for redetention and a meaningful opportunity to respond to those reasons. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may

1  be filed by **the day before the noting date**. If no timely objections are filed, the matter will be

2  ready for consideration by the District Judge on **January 2, 2026**.

3        The Clerk is directed to send copies of this Report and Recommendation to the parties

4  and to the Honorable Jamal N. Whitehead.

5        Dated this 11th day of December, 2025.

_____
MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7